IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT TAYLOR WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-38 |
| TEXAS DEP'T CRIM. JUST., ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Taylor Williams, an inmate previously confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding through counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Texas Department of Criminal Justice (TDCJ), Christopher Burns, Joshua Hammons, Dana Johnson, Eric Wigginton, and Assistant Warden Pharr.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant TDCJ filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff was granted an extension of time to file a response to the motion, but did not file a response. This Report and Recommendation considers the merits of the Motion to Dismiss.

Motion to Dismiss

Defendant TDCJ moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) because the claims against TDCJ are barred by the Eleventh Amendment.

Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Analysis

Plaintiff's claims against TDCJ must be dismissed because the state agency is immune from suit. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. CONST. Amend. XI. The Eleventh Amendment has been construed to prohibit a citizen of a state from bringing an action in federal court against his own state, or against a state agency or department. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 319 (5th Cir. 2001); *Neuwirth v. Louisiana State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988). "A plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an arm of the State rather than the State itself." *Richardson v. S. Univ.*, 118 F.3d 450, 452 (5th Cir. 1997). Because TDCJ is a state agency, it is immune from suit.

Recommendation

The Texas Department of Criminal Justice's motion to dismiss should be granted.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 3rd day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge