IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT TAYLOR WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-38 |
| CHRISTOPHER BURNS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Taylor Williams, a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Christopher Burns, Joshua Hammons, Dana Johnson, Eric Wiggington, and Assistant Warden Kurtis Pharr.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant Pharr has filed a motion to dismiss, and Plaintiff has filed a response. This Report and Recommendation considers the merits of the motion to dismiss.

Factual Background

Plaintiff alleges he was assaulted by correctional officers on April 29, 2021, when he was confined at the Eastham Unit. Plaintiff alleges he was accused of trading items he obtained from the commissary, which is a violation of prison policy. Plaintiff was told to leave the commissary line and return to his cell. As he was returning to his cell, Plaintiff alleges Defendant Johnson punched him in the face and wrestled him to the ground. Plaintiff claims Defendants Burns, Hammons, and Wigginton arrived on the scene as Defendant Johnson was handcuffing Plaintiff, and they began to

kick and punch him.  Plaintiff believes the assault was racially motivated because he is African-American and the defendants wore flag face masks with KKK and Nazi symbols.  Plaintiff alleges he suffered brain swelling and a seizure as a result of the assault, and he was transported to a hospital for treatment.  Plaintiff asserts that Defendant Pharr is a policymaker with final decision-making authority, and he did not take disciplinary action against the other defendants for assaulting Plaintiff.

## Motion to Dismiss

Defendant Pharr moved to dismiss the claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Defendant Pharr contends that he is entitled to qualified immunity, and that Plaintiff failed to allege any facts demonstrating that he was personally involved in the incidents that form the basis of Plaintiff's complaint.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on:  (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction.  *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted.  A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible

on its face. *Id*. at 570.  Conclusory allegations and a formulaic recitation of the elements of a cause

of action will not suffice to prevent dismissal for failure to state a claim.  *Id*. at 555.  The plaintiff

must plead facts that allow the court to "draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>Analysis</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, while acting under

color of state law, causes a person to be deprived of a federally-protected constitutional right.  *Gomez*

*v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002).

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage,
> of any state . . . subjects, or causes to be subjected, any citizen of the United States
> or any other person within the jurisdiction thereof to the deprivation of any rights,
> privileges or immunities secured by the Constitution and laws shall be liable to the
> party injured . . . .

42 U.S.C. § 1983.  In order to state a cause of action under § 1983, a plaintiff must allege two

elements.  "First, the Plaintiff must allege that some person has deprived him of a federal right.

Second, he must allege that the person who has deprived him of that right acted under color of state

or territorial law." *Gomez*, 446 U.S. at 640.

To successfully plead a cause of action in a civil rights case, Plaintiff must enunciate a set

of facts that illustrate the defendants' participation in the alleged wrong.  *Jacquez v. Procunier*, 801

F.2d 789, 793 (5th Cir. 1986).  Plaintiff has not alleged any facts demonstrating that Defendant Pharr

was personally involved in the events that form the basis of Plaintiff's complaint.  Plaintiff claims

that Defendant Pharr did not properly investigate Plaintiff's complaints about the use of force or

discipline the correctional officers involved, but failing to investigate and resolve an inmate's

3

complaints does not rise to the level of a constitutional violation. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

*Failure to Train or Supervise*

Plaintiff also contends that Defendant Pharr was responsible for the alleged constitutional violations because he failed to properly train or supervise his employees. Although the Defendant's motion to dismiss did not address these claims, the district court is required to review civil actions filed by prisoners against government employees and may dismiss claims that are frivolous, malicious, or fail to state a claim. 28 U.S.C. § 1915A(a).

Even though Plaintiff has not demonstrated that Defendant Pharr caused Plaintiff's injuries, Plaintiff may state a claim against him by showing: (1) the defendant failed to train or supervise his subordinates; (2) a causal link exists between the failure to train or supervise and the violation of Plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). A single instance of lack of training or supervision is generally not sufficient to demonstrate deliberate indifference, unless the plaintiff shows that "the highly predictable consequence of a failure to train would result in the specific injury suffered." *Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021). The single-incident exception is not generally available unless the defendant provided absolutely no training to his subordinates. *Id.*

Plaintiff did not allege any facts in support of his conclusory assertions that Defendant Pharr failed to train or supervise his employees. A defendant cannot be held liable based on general allegations that the injury could have been prevented if the employees had received better or additional training. *Roberts v. City of Shreveport*, 397 F.3d 187, 293 (5th Cir. 2005). The plaintiff must demonstrate, with specificity, how a particular training program is defective. *Id.* Plaintiff

failed to meet this burden.  Therefore, the claims that Defendant Pharr failed to train or supervise his employees should be dismissed for failure to state a claim.

<u>Recommendation</u>

Defendant Pharr's Motion to Dismiss should be granted.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.


SIGNED this 16th day of August, 2024.


_____
Zack Hawthorn
United States Magistrate Judge